IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff,

v.                                                                                                         Civ. No. 21-910 GBW

SHANON CRUMBLEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND
## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on *pro se* Defendant's Notice of Removal (*Doc. 1*), and Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (*Doc. 2*). Having reviewed the Application and being fully advised in its premises, the Court GRANTS it. Having reviewed the Notice of Removal, the Court will ORDER Defendant to SHOW CAUSE why the underlying criminal complaint should not be REMANDED back to state court for lack of jurisdiction.

    I.    **Application to Proceed *In Forma Pauperis***

The statute for proceeding *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit, without prepayment of fees, by a person who submits an affidavit that includes a statement of all the person's assets and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied.  If they are, leave should be granted.  Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (unpublished) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  A litigant need not be "absolutely destitute"; "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  *Id.* at 339 (internal quotation marks omitted).

The Court grants Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs.  Defendant signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) her average monthly income amount during the past 12 months was $2,500.00; (ii) her average monthly expenses total $2,440.00; and (iii) she has $65.00 in cash and $291.00 in bank accounts.  The Court finds that Defendant is unable to pay the costs of this proceeding because she signed an affidavit to that effect and because her monthly income only slightly exceeds her monthly expenses.

## II.    The Notice of Removal[1]

Plaintiff State of New Mexico filed a criminal complaint on August 31, 2021, in Bayard Magistrate Court, Grant County, charging Defendant with aggravated stalking. *See Doc. 1* at 1 ¶ 1.  Defendant contends that "[t]he Criminal Complaint references a state crime 30-3A-3.1(A)(1) Aggravated Stalking (Violation of Protective Order) (Second or Subsequent Offense) which federal courts retain subject matter jurisdiction through the respective federal crime 18 U.S.C. § 2261A – Stalking." *Id.* at 1 ¶ 2 (footnote omitted). Defendant did not include a copy of the criminal complaint with her Notice of Removal. The Court obtained a copy of the criminal complaint which is attached to this Order.[2] The "federal crime 18 U.S.C. § 2261A – Stalking" does not appear on the face of the criminal complaint, nor does any other federal issue which might give the Court jurisdiction over this matter.

Defendant removed the complaint from Bayard Magistrate Court to this Court pursuant to 28 U.S.C. § 1443.  Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

---

[1] The Notice of Removal states: "This notice includes a Complaint for Violation of Civil Rights."  *Doc. 1* at 3 ¶ 7.  The Complaint has been refiled in a new, separate action.  *See* Complaint for Violation for Civil Rights and Request for Injunctions, *Crumbley v. Stewart*, No. 2:21-cv-00916-KRS (D.N.M. Sept. 15, 2021), ECF No. 1.
[2] The Court may take judicial notice of state court documents. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The first provision, 28 U.S.C. § 1443(1),

> permits removal of criminal prosecutions against any person who is denied or cannot enforce in the courts of the State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. Removal is available only when the defendant can claim rights under a law providing for specific civil rights in terms of racial equality … The statute does not authorize removal to protect the broad guarantees of the constitution.

*New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972) (per curiam) (internal quotation marks and citations omitted); *see also Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) ("A 'law providing for the equal rights' means, in § 1443(1), a law guaranteeing racial equality." (quoting *Georgia v. Rachel,* 384 U.S. 780, 786–94 (1966))).

As for 28 U.S.C. § 1443(2), its purpose "is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval." *Greenberg v. Veteran*, 889 F.2d 418, 421 (2d Cir. 1989); *see also Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) ("The first clause [of 28 U.S.C. § 1443(2)], 'for any act under color of authority derived from any law providing for equal rights' has been examined by the Supreme Court and held

4

available only to federal officers and to persons assisting such officers in the performance of their official duties." (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966))).

It appears that this action should be remanded to Bayard Magistrate Court, Grant County, for lack of jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  Defendant does not claim rights under a law providing for specific civil rights in terms of racial equality.  *See doc. 1* at 7, ¶ 20 (stating that the justification for removal "is not racial inequality but … social economic inequality that is inherent in this small-town local authority, they [referring to the Sixth Judicial District Attorney, several state judges in that district, and persons alleged to have committed crimes against Defendant and taken her property] all grew up together in a little community with friends and family that are long standing political contributors.").  Nor does Defendant claim to be a federal or state officer or assisting federal officers in the performance of their duties.

IT IS ORDERED that (i) Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (*doc. 2*) is GRANTED; and (ii) Defendant shall, **within twenty-one (21) days of entry of this Order**, show cause why the Court should not remand this case to Bayard Magistrate Court, Grant County.  Failure to show cause in a

timely manner may result in remand of this case to Bayard Magistrate Court, Grant County.

    **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE