**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO,

      Plaintiff,

vs.                                                                      No. CIV 21-00910 JB/GBW

SHANON CRUMBLEY,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1443, on the Defendant's Notice of Removal, filed September 15, 2021 (Doc. 1),[1] and on Defendant's Answer to Order to Show Cause on Notice of Removal, filed October 15, 2021 (Doc. 8)("Response"). Defendant Shanon Crumbley appears pro se.  For the reasons set out below, the Court will remand this case to Bayard Magistrate Court, Grant County, State of New Mexico.

**<u>PROCEDURAL BACKGROUND</u>**

Plaintiff State of New Mexico filed a criminal complaint on August 31, 2021, in Bayard Magistrate Court, Grant County, State of New Mexico, charging Crumbley with aggravated stalking.  <u>See</u> Notice of Removal ¶¶ 1-2, at 1.  In her Notice of Removal, Crumbley states: "The Criminal Complaint references a state crime 30-3A-3.1(A)(1) Aggravated Stalking (Violation of Protective Order)(Second or Subsequent Offense) which federal courts retain subject matter jurisdiction through the respective federal crime 18 U.S.C. § 2261A --Stalking."  Notice of

---

[1]Crumbley attached her Complaint for Violation of Civil Rights and Request for Injunctions ("Complaint") to her Notice of Removal.  <u>See</u> Notice of Removal, filed September 15, 2021 (Doc. 1-1).  The Clerk's Office filed Crumbley's Complaint in a separate action.  <u>See</u> <u>Crumbley v. Stewart</u>, No. CIV 21-00916 KRS, 2021 U.S. Dist. LEXIS 198283 (D.N.M. Oct. 13, 2021).

Removal ¶ 2, at 1.  Crumbley did not include a copy of the criminal complaint with her Notice of Removal.  Magistrate Judge Gregory B. Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, obtained a copy of the criminal complaint, which is attached to the Memorandum Opinion and Order, 2021 U.S. Dist. LEXIS 183071, filed September 24, 2021 (Doc. 7)("Order to Show Cause")(Wormuth, M.J.).  The "federal crime 18 U.S.C. § 2261A -- Stalking" does not appear on the face of the criminal complaint, nor does any other federal issue which might give the Court jurisdiction over this matter.

Crumbley removed the case, No. M-20-FR-202100068, from Bayard Magistrate Court to this Court pursuant to 28 U.S.C. § 1443.  Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)     Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)     For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Magistrate Judge Wormuth notified Crumbley that:

> The first provision, 28 U.S.C. § 1443(1),
>
>> permits removal of criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  Removal is available only when the defendant can claim rights under a law providing for specific civil rights in terms of racial equality . . .  The statute does not authorize removal to protect the broad guarantees of the constitution.

*New Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972)(per curiam)(internal quotation marks and citations omitted); *see also Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986)("A 'law providing for the equal rights' means, in § 1443(1), a

law guaranteeing racial equality")(quoting *Georgia v. Rachel,* 384 U.S. 780, 786-94, 86 S.Ct. 1783, 1786–91, 16 L.Ed.2d 925 (1966))).

As for 28 U.S.C. § 1443(2), its purpose "is to provide a federal forum for suits against state officers who uphold equal protection in the face of strong public disapproval." *Greenberg v. Veteran,* 889 F.2d 418, 421 (2d Cir. 1989)("The purpose of the 'refusal clause' [28 U.S.C. § 1443(2)]); *see also Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979)("The first clause [of 28 U.S.C. § 1443(2)], "for any act under color of authority derived from any law providing for equal rights . . ." has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 815 (1966))).

It appears that this action should be remanded to Bayard Magistrate Court, Grant County, for lack of jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  Defendant does not claim rights under a law providing for specific civil rights in terms of racial equality. *See doc. 1* at 7, ¶ 20 (stating that the justification for removal "is not racial inequality but . . . social economic inequality that is inherent in this small-town local authority, they [referring to the Sixth Judicial District Attorney, several state judges in that district, and persons alleged to have committed crimes against Defendant and taken her property] all grew up together in a little community with friends and family that are long standing political contributors.").  Nor does Defendant claim to be a federal or state officer or assisting federal officers in the performance of their duties.

Order to Show Cause at 4-5.  Magistrate Judge Wormuth ordered Crumbley to show cause why the Court should not remand this case to Bayard Magistrate Court, Grant County, for lack of jurisdiction.  Order to Show Cause at 5-6.

Crumbley argues that:

my constitutional rights, privileges and immunities have been and are being deprived by officials acting under color of law.  This court is my last resource for justice to be served and this malicious attack against me to be taken under control.  State and local government are reluctant to take action against their own, just like all the lawyers I have reached out to immediately decline when I speak about corruption.

Response at 1.  Crumbley "ask[s] for relief from this charge by dismissing it because it is a false allegation this is malicious and vindictive prosecution."  Response at 8.  Crumbley states

"Congress enacted § 1983 to provide citizens with a legal remedy for violations of certain constitutional rights," Response ¶ 1, at 1, and makes a few general statements about racial equality and racial justice, see Response ¶¶ 15-17, at 7.  Crumbley does not otherwise address Magistrate Judge Wormuth's observation that it appears that this action should be remanded to Bayard Magistrate Court, Grant County, for lack of jurisdiction, because Crumbley does not claim rights under a law providing for specific civil rights in terms of racial equality.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall

> not be granted unless a declaratory decree was violated or declaratory relief was
> unavailable . . . .

42 U.S.C. § 1983.  Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute.  See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'")(second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998)).  Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii)  that the person who deprived the plaintiff of that right acted under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716  F. Supp. 2d  1052,  1063  (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.  Consequently, there is no respondeat superior liability under § 1983.  See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to

*Bivens*[2] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that

---

[2]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court of the United States held that a violation of the Fourth Amendment of the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

each Government-official defendant, through the official's own individual actions, has violated

the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson

stated:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude
> the following basis of § 1983 liability survived it and ultimately resolves this case:
> § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who
> creates, promulgates, implements, or in some other way possesses responsibility
> for the continued operation of a policy the enforcement (by the defendant-
> supervisor or her subordinates) of which "subjects, or causes to be subjected" that
> plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit has noted, however, that "*Iqbal*

may very well have abrogated § 1983 supervisory liability as we previously understood it in this

circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at

1200.  It concluded that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated

§ 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200.

More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . .

between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy .

. . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds

v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

    The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v.

Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials

liable under § 1983 for constitutional violations that unnamed individual police officers

committed.  See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at

371).  The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between

the police misconduct and the city officials' conduct, because there was a deliberate plan by some

of the named defendants to "'crush the nascent labor organizations.'" Dodds v. Richardson, 614

F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## LAW REGARDING REMOVAL

If a civil action filed in state court satisfies the requirements for original federal jurisdiction

-- meaning, most commonly, federal-question or diversity jurisdiction -- the defendant may invoke

28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where

such action is pending."  28 U.S.C. § 1441(a).  See Huffman v. Saul Holdings LP, 194 F.3d 1072,

1076 (10th Cir. 1999)("When a plaintiff files in state court a civil action over which the federal

district courts would have original jurisdiction based on diversity of citizenship, the defendant or

defendants may remove the action to federal court . . . .")(quoting Caterpillar Inc. v. Lewis, 519

U.S. at 68); McDaniel v. Loya, 304 F.R.D. 617, 623 (D.N.M. 2015)(Browning, J.).  Under 28

U.S.C. § 1331, a federal district court possesses original subject-matter jurisdiction over a case

"arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

1.    **The Presumption Against Removal**.

Federal courts are courts of limited jurisdiction; thus, there is a presumption against

removal jurisdiction, which the defendant seeking removal must overcome.  See Laughlin v. Kmart

Corp., 50 F.3d 871, 873 (10th Cir. 1995); Fajen v. Found. Reserve Ins. Co., 683 F.2d at 333; Martin

v. Franklin Capital Corp., 251 F.3d at 1290; Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009

WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("Removal statutes are strictly

construed, and ambiguities should be resolved in favor of remand.").  The defendant seeking

removal must establish that federal court jurisdiction is proper "by a preponderance of the

evidence."  McPhail v. Deere & Co., 529 F.3d at 953 (10th Cir. 2008).  See Bonadeo v. Lujan,

2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all

jurisdictional facts and of establishing a right to removal.").  Because federal courts are courts of limited jurisdiction, the Tenth Circuit has ruled that "courts must deny such jurisdiction if not affirmatively apparent on the record."  Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005)(unpublished).[3]  On the other hand, this strict construction and presumption against removal should not be interpreted as a hostility toward removal cases in the federal courts.  See McEntire v. Kmart Corp., No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *2 (D.N.M. Feb. 9, 2010)(Browning, J.)(citing Bonadeo v. Lujan, 2009 WL 1324119, at *12 ("Strict construction does not mean judicial hostility toward removal.  Congress provided for removal, and courts should not create rules that are at tension with the statute's language in the name of strict construction.")).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); United States ex rel. King v.

---

[3]Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775 (10th Cir. 2005) is an unpublished opinion, but the Court can rely on an unpublished United States Court of Appeals for the Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775 (10th Cir. 2005) has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001)).  "All doubts are to be resolved against removal."  Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002).

### 2.     **Procedural Requirements of Removal.**

Section 1446 of Title 28 of the United States Code governs the procedure for removal.  "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed."  Thompson v. Intel Corp., 2012 WL 3860748, at *5.  A removal which does not comply with the express statutory requirements is defective and must be remanded to state court.  See Huffman v. Saul Holdings LP, 194 F.3d at 1077.  See also Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998)(Campos, J.)("The [r]ight to remove a case that was originally in state court to federal court is purely statutory, not constitutional.").

Section 1446(a) of Title 28 of the United States Code provides that a party seeking removal of a matter to federal court shall file a notice of removal in the district and division where the state action is pending, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  Such notice of removal is proper if filed within thirty-days from the date when the case qualifies for federal jurisdiction.  See Caterpillar Inc. v. Lewis, 519 U.S. at 68-69; 28 U.S.C. § 1446(b).  The Tenth Circuit has further elaborated that, for the thirty-day period to begin to run, "this court requires clear and unequivocal notice from the [initial] pleading itself" that federal jurisdiction is available.  Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998).  The Tenth Circuit specifically disagrees with "cases from other jurisdictions which impose a duty to

investigate and determine removability where the initial pleading indicates that the right to remove

may exist." <u>Akin v. Ashland Chem. Co.</u>, 156 F.3d at 1036.4

 After the notice of removal is filed, all state-court proceedings are automatically stayed,

and the other defendants in the case -- if not all defendants joined in the removal -- have thirty

days to consent to the removal of the action. <u>See</u> 28 U.S.C. § 1446(b)(2). "When a civil action is

removed solely under section 1441(a) [the standard removal statute, which excludes multiparty,

multiforum jurisdiction], all defendants who have been properly joined and served must join in or

consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The failure of all defendants to

consent to removal will result in remand. The rule of unanimity applies to all defendants, whether

they are required parties under rule 19 or merely proper parties under rule 20. Defendants who

have not been served, however, need not join in removal. <u>See</u> <u>Kiro v. Moore</u>, 229 F.R.D. 228,

230-32 (D.N.M. 2005)(Browning, J.).

 Section 1447(c) permits the district court to "require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The

Supreme Court of the United States has stated:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire
> to deter removals sought for the purpose of prolonging litigation and imposing costs
> on the opposing party, while not undermining Congress' basic decision to afford
> defendants a right to remove as a general matter, when the statutory criteria are
> satisfied.

<u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140 (2005). The Tenth Circuit has limited district

courts' discretion to impose costs and fees to those cases in which the removal was objectively

---

[4]Congress clarified removal jurisdiction and procedures in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. <u>See</u> <u>Thompson v. Intel Corp.</u>, No. CIV 12-0620 JB/LFG, 2012 WL 3860748, at *12 n.5 (D.N.M. Aug. 27, 2012)(Browning, J.)(discussing the Act).

unreasonable.  See Garret v. Cook, 652 F.3d 1249, 1254 (10th Cir. 2011)("[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## LAW REGARDING REMAND

If a defendant has removed a matter to federal court, the plaintiff may object to the removal by filing a motion to remand the case to state court. See Caterpillar Inc. v. Lewis, 519 U.S. at 69. A defect in the removal procedure is one of the grounds for remand that 28 U.S.C. § 1447(c) specifies. See Moreno v. Taos County Bd. of Comm'rs, 778 F. Supp. 2d 1139, 1141 (D.N.M. 2001)(Johnson, J.); McShares, Inc. v. Barry, 979 F. Supp. 1338, 1341 (D. Kan. 1997)(Crow, J.)(citation omitted). Specifically, § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).  Lack of subject-matter jurisdiction is a second ground for remand specified in § 1447(c).  Section 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## ANALYSIS

Having carefully reviewed Crumbley's Notice of Removal, her Response to the Order to Show Cause, and the relevant law, the Court will remand this case to Bayard Magistrate Court, Grant County, State of New Mexico.  Crumbley removed her case from Bayard Magistrate Court pursuant to 28 U.S.C. § 1443, which allows a defendant to remove the following civil actions and criminal prosecutions:

(1)    Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2)     For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  Judge Wormuth ordered Crumbley to show cause why the Court should not remand this case after notifying Crumbley that it appears the Court lacks jurisdiction pursuant to 28 U.S.C. § 1443.  See Order to Show Cause at 5.  In her Response to the Order to Show Cause, Crumbley failed to show that she claims: (i) "rights under a law providing for specific civil rights in terms of racial equality;" or (ii) "to be a federal or state officer or assisting federal officers in the performance of their duties."  Order to Show Cause at 5.  See Bonadeo v. Lujan, No. CIV 08-0812, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").  Consequently, the Court must remand this case to Bayard Magistrate Court, Grant County, State of New Mexico because it lacks jurisdiction over the Complaint.  See 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

        **IT IS ORDERED** that this case is remanded to Bayard Magistrate Court, Grant County, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Shanon Crumbley
Hanover, New Mexico

        *Defendant pro se*

- 13 -